IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) ) |
| Plaintiffs, | ) ) Civil Action No. _____ |
| v. | ) ) **JURY TRIAL DEMANDED** |
| JOHNSON & JOHNSON, INC. and CORDIS CORPORATION, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT
OF PATENT INVALIDITY AND NONINFRINGEMENT**

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively "BSC"), through their attorneys, bring this complaint against Defendants Johnson & Johnson, Inc. and Cordis Corporation (collectively "J&J") and requests a jury trial on all issues so triable. BSC alleges as follows, upon knowledge with respect to itself and its own acts, and upon information and belief as to the circumstances and facts of others:

**NATURE OF THE ACTION**

1.       This is an action for a declaratory judgment that United States Patent No. 7,229,473 entitled "Local Delivery of Rapamycin for Treatment of Proliferative Sequelae Associated With PTCA Procedures, Including Delivery Using a Modified Stent" (the "Wright '473 patent") is invalid and not infringed by BSC. The Wright '473 patent is attached as Exhibit A.

## THE PARTIES

2.  Plaintiff Boston Scientific Corporation is a corporation organized under the laws of the State of Delaware, having its principal place of business at One Boston Scientific Place, Natick, Massachusetts 01760.

3.  Plaintiff Boston Scientific Scimed, Inc. is a corporation organized under the laws of the State of Minnesota, having its principle place of business at One Scimed Place, Maple Grove, Minnesota 55311.

4.  Upon information and belief, Defendant Johnson & Johnson, Inc. is a corporation organized under the laws of the State of New Jersey and has a principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.

5.  Upon information and belief, Defendant Cordis Corporation ("Cordis") is a corporation organized under the laws of the State of Florida and has a principal place of business in Miami Lakes, Florida. Cordis is a subsidiary of Johnson & Johnson, Inc.

## JURISDICTION AND VENUE

6.  This action arises under the Patent Laws of the United States (35 U.S.C. § 1, *et seq.*).

7.  This Court has jurisdiction over the subject matter of all causes of action herein pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

8.  On information and belief, J&J has systematic and continuous contacts in this judicial district.

9.  On information and belief, J&J regularly avails itself of the benefits of this judicial district, including the jurisdiction of the courts.

10. On information and belief, J&J regularly transacts business within this judicial district.

11. On information and belief, J&J regularly sells products in this judicial district. J&J derives substantial revenues from sales in this district.

12. This Court has personal jurisdiction, general and specific, over J&J.

13. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

14. BSC is a world renowned leader in the development of intravascular stents used to treat coronary artery disease.

15. J&J and, in particular, Cordis, directly compete with BSC in the field of intravascular stents used to treat coronary artery disease.

16. J&J has a well-known history of suing competitors, including BSC, in the field of intravascular stents for patent infringement. Within the past several years, J&J and/or Cordis have sued BSC in this Court, alleging patent infringement in cases involving intravascular stents used to treat coronary artery disease. BSC has also brought suits for patent infringement against J&J within this judicial district.

17. Pursuant to an agreement between BSC and Abbott Laboratories ("Abbott"), BSC is presently selling the PROMUS™ Everolimus-Eluting Coronary Stent System ("PROMUS") in Europe and other countries outside the United States. The PROMUS stent is a private-labeled XIENCE™ V Everolimus Eluting Coronary Stent System ("XIENCE V") which is manufactured for BSC by Abbott in the United States. The PROMUS stent is an intravascular stent used to

treat coronary artery disease. It advantageously releases a drug designed to diminish reblocking (restenosis) of the patient's blood vessel into which the stent has been inserted.

18.     The PROMUS stent received CE Mark approval in October 2006, which allows BSC to distribute PROMUS in 27 countries of the European Economic Area. Since that time, BSC has been taking title to the PROMUS stent from Abbott in the United States and then exporting those stents to the European market. BSC intends to begin selling its PROMUS stent in the United States in 2008.

19.     In 2006, BSC purchased Guidant Corporation ("Guidant"). As part of the agreement governing the Guidant acquisition, Guidant separately sold the rights to its everolimus-eluting stent product to Abbott. BSC separately entered into an agreement with Abbott that permits BSC to sell (under the designation "PROMUS") the everolimus-eluting stents manufactured by Abbott (which Abbott sells on its own as its "XIENCE V" stent).

20.     Abbott currently manufactures and sells its own everolimus-eluting stent, the XIENCE V stent, which is the same product as BSC's PROMUS stent, and BSC has made a substantial investment in the PROMUS stent.

21.     On June 12, 2007, Cordis filed a patent infringement suit against Abbott in the United States District Court for the District of New Jersey. (*See* Ex. B, the complaint in Civil Action No. 07-2728-JAP-TJB).[1] Cordis alleges in its June 12 complaint that Abbott's manufacture and/or use of the XIENCE V stent in the United States infringes the Wright '473 patent. (*Id.* at p. 4). Among other remedies, Cordis seeks a preliminary and permanent injunction prohibiting Abbott from making, using, selling, or offering for sale the XIENCE V stent in the United States. (*Id.*).

---

[1] The exhibits originally filed with Exhibits B-K herein have not been attached. Should the Court require a copy of these exhibits, Plaintiffs are available to do so.

22.     Cordis' patent infringement suit, as referenced in paragraph 21, has created a present substantial controversy between J&J and BSC concerning the PROMUS stent. J&J, through Cordis, has asserted rights under the Wright '473 patent against the same product as the PROMUS stent, and the alleged infringement of the patent has created an apprehension that Cordis will sue BSC for alleged infringement of the Wright '473 patent.

### RELATED CASES PENDING IN THE DISTRICT OF DELAWARE

23.     There are now four cases pending in the District of Delaware that are related to the instant case, as set forth in the below paragraphs.

24.     On September 29, 2006, Abbott filed a declaratory judgment action against J&J, alleging that other Cordis-owned patents – U.S. Patent Nos. 6,585,764 (the "'764 patent"), 6,776,796, and 6,808,536 (the "'536 patent") – are invalid and not infringed by Abbott's manufacture and/or use of the XIENCE V stent in the Unites States. (*See* Ex. C, the complaint in Civil Action No. 06-613-SLR).

25.     On May 15, 2007, Abbott filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware relating to U.S. Patent No. 7,217,286 (the "Falotico '286 patent"). (*See* Ex. D, the complaint in Civil Action No. 07-259-SLR). Abbott alleges in its May 15 complaint that the Falotico '286 patent is invalid and not infringed by Abbott's manufacture and/or use of the XIENCE V stent in the Unites States. (*Id.* at p. 17). Abbott's declaratory judgment action against the Falotico '286 patent, which is currently pending in this judicial district, is the first filed action concerning the Falotico '286 patent. Also on May 15, 2007, Abbott filed a motion for leave to file a supplemental complaint or in the alternative to consolidate related cases in Civil Action No. 06-613-SLR pending before the United States District Court for the District of Delaware. (*See* Ex. E, Abbott's motion for leave

to file a supplemental complaint or consolidate related cases). Abbott's motion requests leave to file a supplemental complaint to add a claim for declaratory judgment of invalidity and noninfringement of the Falotico '286 patent. (*Id.* at p. 2).

26. On May 25, 2007, BSC filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware relating to the Falotico '286 patent. (*See* Ex. F, the complaint in Civil Action No. 07-333-SLR). BSC asserts in that May 25 complaint that the Falotico '286 patent is invalid and not infringed by BSC's above activities regarding the PROMUS stent. (*Id.* at p. 6).

27. On May 29, 2007, Abbott filed a supplemental motion for leave to file a supplemental complaint or in the alternative to consolidate related cases in Civil Action No. 06-613-SLR pending before the United States District Court for the District of Delaware. (*See* Ex. G, Abbott's motion for leave to file a supplemental complaint or to consolidate related cases). Also on May 29, 2007, Abbott filed a motion for leave to file a supplemental complaint in Civil Action No. 07-259-SLR pending before the United States District Court for the District of Delaware. (*See* Ex. H, Abbott's supplemental motion for leave to file a supplemental complaint). Abbott's motions request leave to file supplemental complaints to add claims for declaratory judgment of invalidity and noninfringement of U.S. Patent No. 7,223,286 (the "Wright '286 patent"). (Ex. G at p. 1; Ex. H at p. 1).

28. On June 1, 2007, BSC filed a declaratory judgment action against J&J in the United States District Court for the District of Delaware relating to the Wright '286 patent. (*See* Ex. I, the complaint in Civil Action No. 07-348-SLR). BSC asserts in its June 1 complaint that the Wright '286 patent is invalid and not infringed by BSC's above activities regarding the PROMUS stent. (*Id.* at p. 7).

29.     On June 12, 2007, Abbott filed a second supplemental motion for leave to file a supplemental complaint or in the alternative to consolidate related cases in Civil Action No. 06-613-SLR pending before the United States District Court for the District of Delaware. (*See* Ex. J, Abbott's second supplemental motion for leave to file a supplemental complaint or to consolidate related cases). Also on June 12, 2007, Abbott filed a supplemental motion for leave to file a supplemental complaint in Civil Action No. 07-259-SLR pending before the United States District Court for the District of Delaware. (*See* Ex. K, Abbott's supplemental motion for leave to file a supplemental complaint). Abbott's motions request leave to file supplemental complaints to add claims of invalidity and noninfringement of the Wright '473 patent. (Ex. J at p. 1; Ex. K at p. 1).

30.     The instant action by BSC against J&J is related to Abbott's September 29 action because the '764 and '536 patents are part of the same patent family as the Wright '473 patent, the prior art to each of those patents is related, and the products at issue in the September 29 action (Abbott's XIENCE V) and this action (BSC's PROMUS) are related. Also, as discussed above, Abbott has also recently filed motions to amend its Complaint in the September 29 action to include the Falotico '286 patent, the Wright '286 patent, and the Wright '473 patent or, in the alternative, consolidate its September 29, May 15, May 29, and June 12 actions.

31.     The instant action by BSC against J&J is related to Abbott's May 15 complaint and supplemental complaint and BSC's May 25 complaint on the Falotico '286 patent and Abbott's May 29 supplemental complaints and BSC's June 1 complaint on the Wright '286 patent because the patents all arose from the same family, the prior art to the those patents is related, and the products of the declaratory judgment plaintiffs, XIENCE V (Abbott) and PROMUS (BSC), are related.

32. The instant Action by BSC against J&J is related to Abbott's June 12 supplemental complaints on the Wright '473 patent because the same patent is involved in all of the complaints, the prior art to the patent is the same, and the products of the declaratory judgment plaintiffs, XIENCE V (Abbott) and PROMUS (BSC), are related.

## COUNT I

### INVALIDITY AND NONINFRINGEMENT OF U.S. PATENT NO. 7,229,473

33. BSC repeats and realleges each and every allegation contained in paragraphs 1-32 of this Complaint as though fully set forth herein.

34. Each of the claims in the Wright '473 patent is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

35. The PROMUS stent does not infringe any valid claim of the Wright '473 patent.

## PRAYER FOR RELIEF

WHEREFORE, BSC prays that this Court enter judgment as follows, ordering that:

(a) Each and every claim of U.S. Patent No. 7,229,473 is invalid;

(b) Plaintiffs are not liable for directly, contributorily or inducing infringement of any claim of U.S. Patent No. 7,229,473;

(c) Defendants and their officers, agents, employees, representatives, counsel and all persons in active concert or participation with any of them, directly or indirectly, be enjoined from threatening or charging infringement of, or instituting any action for infringement of U.S. Patent No. 7,229,473 against Plaintiffs, its suppliers, customers, distributors or users of its products;

(d) Defendants pay to Plaintiffs the costs and reasonable attorney's fees incurred by Plaintiffs in this action; and

(e) Plaintiffs be granted such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*

John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
jshaw@ycst.com
alundgren@ycst.com
(302) 571-6554

*Attorneys for Plaintiffs
Boston Scientific Corporation and
Boston Scientific Scimed, Inc.*

*Of Counsel:*

Richard L. Delucia
Paul M. Richter
Michael K. Levy
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Dated: June 22, 2007