## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and | ) | |
| BOSTON SCIENTIFIC SCIMED, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 07-409-SLR |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| JOHNSON & JOHNSON, INC. and | ) | |
| CORDIS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND COUNTERCLAIMS

Johnson & Johnson, Inc. ("J&J") and Cordis Corporation ("Cordis Corp.") (collectively, "Cordis"), by their attorneys, for their Answer to the Complaint for Declaratory Judgment of Patent Invalidity and Noninfringement ("Complaint") of Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "Plaintiffs"), hereby state as follows:

**COMPLAINT 1.** This is an action for a declaratory judgment that United States Patent No. 7,229,473 entitled "Local Delivery of Rapamycin for Treatment of Proliferative Sequelae Associated With PTCA Procedures, Including Delivery Using a Modified Stent" (the "Wright '473 patent") is invalid and not infringed by BSC. The Wright '473 patent is attached as Exhibit A.

**ANSWER 1.** Cordis admits that Boston Scientific's Complaint purports to state a claim for a declaratory judgment that U.S. Patent No. 7,229,473 ("the '473 patent") is invalid and not infringed. Cordis also admits that a copy of the '473 patent was attached to Boston Scientific's Complaint. Cordis otherwise denies the allegations in Paragraph 1.

**COMPLAINT 2.** Plaintiff Boston Scientific Corporation is a corporation organized under the laws of the State of Delaware, having its principal place of business at One Boston Scientific Place, Natick, Massachusetts 01760.

**ANSWER 2.**  Cordis admits the allegations in Paragraph 2.

**COMPLAINT 3.**  Plaintiff Boston Scientific Scimed, Inc. is a corporation organized under the laws of the State of Minnesota, having its principle place of business at One Scimed Place, Maple Grove, Minnesota 55311.

**ANSWER 3.**  Cordis admits the allegations in Paragraph 3.

**COMPLAINT 4.**  Upon information and belief, Defendant Johnson & Johnson, Inc. is a corporation organized under the laws of the State of New Jersey and has a principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.

**ANSWER 4.**  Cordis admits the allegations in Paragraph 4.

**COMPLAINT 5.**  Upon information and belief, Defendant Cordis Corporation ("Cordis") is a corporation organized under the laws of the State of Florida and has a principal place of business in Miami Lakes, Florida. Cordis is a subsidiary of Johnson & Johnson, Inc.

**ANSWER 5.**  Cordis admits that Cordis Corp. is a corporation organized under the laws of the State of Florida and is a subsidiary of J&J.  Cordis denies the remaining allegations in Paragraph 5.

**COMPLAINT 6.**  This action arises under the Patent Laws of the United States (35 U.S.C. § 1, *et seq.*).

**ANSWER 6.**  Cordis admits that this action seeks a declaratory judgment of invalidity and infringement and thus implicates the patent laws of the United States.  Cordis denies the remaining allegations in Paragraph 6.

**COMPLAINT 7.**  This Court has jurisdiction over the subject matter of all causes of action herein pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**ANSWER 7.**  Cordis admits that the Court determined in an opinion dated January 25, 2008 that subject matter jurisdiction exists for this action.  Cordis denies the remaining allegations in Paragraph 7.

**COMPLAINT 8.**  On information and belief, J&J has systematic and continuous contacts in this judicial district.

**ANSWER 8.**  Cordis states that it does not contest that the Court has personal jurisdiction over Cordis in this action.  Cordis denies the remaining allegations in Paragraph 8.

**COMPLAINT 9.**  On information and belief, J&J regularly avails itself of the benefits of this judicial district, including the jurisdiction of the courts.

**ANSWER 9.**  Cordis admits that it has, in certain instances, availed itself of the benefits of this judicial district, and, in certain instances, this included the jurisdiction of the courts.  Cordis denies the remaining allegations in Paragraph 9.

**COMPLAINT 10.**  On information and belief, J&J regularly transacts business within this judicial district.

**ANSWER 10.**  Cordis admits that it transacts business within this judicial district.  Cordis denies the remaining allegations in Paragraph 10.

**COMPLAINT 11.**  On information and belief, J&J regularly sells products in this judicial district.  J&J derives substantial revenues from sales in this district.

**ANSWER 11.**  Cordis admits that it sells products in this judicial district.  Cordis further admits that it derives revenues from sales of products in this district.  Cordis denies the remaining allegations in Paragraph 11.

**COMPLAINT 12.**  This Court has personal jurisdiction, general and specific, over J&J.

**ANSWER 12.**  Cordis states that it does not contest personal jurisdiction in this action.  Cordis denies the remaining allegations in Paragraph 12.

**COMPLAINT 13.**  Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**ANSWER 13.**  Cordis states that it does not contest that venue exists for this action in this judicial district.  Cordis denies that this judicial district is the appropriate or most convenient forum in which to litigate this action.  Cordis believes that the appropriate forum

3

to litigate this action is the District of New Jersey, where earlier-filed cases are pending

involving the exact same patents and the exact same accused product as in this action.

**COMPLAINT 14.**  BSC is a world renowned leader in the development of intravascular stents used to treat coronary artery disease.

**ANSWER 14.**  Cordis admits that Boston Scientific develops, manufactures and sells

stent delivery systems throughout the world and that these products are used to treat coronary

artery disease.  Cordis denies the remaining allegations in Paragraph 14.

**COMPLAINT 15.**  J&J and, in particular, Cordis, directly compete with BSC in the field of intravascular stents used to treat coronary artery disease.

**ANSWER 15.**  Cordis admits that Cordis directly competes with BSC in the field of

intravascular stents used to treat coronary artery disease.  Cordis denies the remaining

allegations in Paragraph 15.

**COMPLAINT 16.**  J&J has a well-known history of suing competitors, including BSC, in the field of intravascular stents for patent infringement.  Within the past several years, J&J and/or Cordis have sued BSC in this Court, alleging patent infringement in cases involving intravascular stents used to treat coronary artery disease.  BSC has also brought suits for patent infringement against J&J within this judicial district.

**ANSWER 16.**  Cordis admits that there has been litigation in the stent industry, that

Cordis has, in the past, brought actions in this Court against Boston Scientific for

infringement of patents relating to intravascular stents used to treat coronary artery disease,

and that Cordis's stent patents have been found after jury trials to be valid and infringed by

BSC.  Cordis admits that Boston Scientific has, in the past, sued Cordis for patent

infringement in this Court.  Cordis denies the remaining allegations in Paragraph 16.

**COMPLAINT 17.**  Pursuant to an agreement between BSC and Abbott Laboratories ("Abbott"), BSC is presently selling the PROMUS™ Everolimus-Eluting Coronary Stent System ("PROMUS") in Europe and other countries outside the United States.  The PROMUS stent is a private-labeled XIENCE™ V Everolimus Eluting Coronary Stent System ("XIENCE V") which is manufactured for BSC by Abbott in the United States.  The PROMUS stent is an intravascular stent used to treat coronary artery disease.  It

4

advantageously releases a drug designed to diminish reblocking (restenosis) of the patient's blood vessel into which the stent has been inserted.

**ANSWER 17.**  Cordis admits that BSC has stated that pursuant to an agreement

between it and Abbott, BSC has rights to sell the Promus coronary stent.  Cordis further

admits that BSC has stated that the Promus stent is a private-labeled Xience V stent

manufactured for BSC by Abbott in the United States.  Cordis admits that BSC is presently

selling the Promus stent in Europe and other countries outside the United States.  Cordis

further admits that the Promus stent is an intravascular stent used to treat coronary artery

disease, and releases the drug Everolimus, a macrocyclic lactone analog of rapamycin, which

is designed to diminish restenosis of the patient's blood vessel into which the stent has been

inserted.  Cordis is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 17, and therefore denies the same.

**COMPLAINT 18.**  The PROMUS stent received CE Mark approval in October 2006, which allows BSC to distribute PROMUS in 27 countries of the European Economic Area.  Since that time, BSC has been taking title to the PROMUS stent from Abbott in the United States and then exporting those stents to the European market.  BSC intends to begin selling its PROMUS stent in the United States in 2008.

**ANSWER 18.**  Cordis admits that the Promus stent received CE Mark approval in

October 2006, which allows Boston Scientific to distribute the Promus stent in Europe.

Cordis is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 18.

**COMPLAINT 19.**  In 2006, BSC purchased Guidant Corporation ("Guidant").  As part of the agreement governing the Guidant acquisition, Guidant separately sold the rights to its everolimus-eluting stent product to Abbott.  BSC separately entered into an agreement with Abbott that permits BSC to sell (under the designation "PROMUS") the everolimus-eluting stents manufactured by Abbott (which Abbott sells on its own as its "XIENCE V" stent).

**ANSWER 19.**  Cordis admits that on January 25, 2006, Guidant and Boston

Scientific announced that they had entered into a merger agreement, and Guidant

announced that Abbott would acquire Guidant's intervention and endovascular

businesses. Cordis admits that, pursuant to an agreement between BSC and Abbott, BSC

is presently selling the PROMUS™ Everolimus-Eluting Coronary Stent System

("PROMUS") and that the PROMUS stent is a private-labeled XienceV™ Everolimus-

Eluting Coronary Stent System ("XIENCE V") which is manufactured for BSC by

Abbott. Cordis is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 19.

**COMPLAINT 20.** Abbott currently manufactures and sells its own everolimus-eluting stent, the XIENCE V stent, which is the same product as BSC's PROMUS stent, and BSC has made a substantial investment in the PROMUS stent.

**ANSWER 20.** Cordis admits that Abbott is currently manufacturing and selling the

Xience V stent. Cordis further admits that BSC has stated that the Promus stent is a private-

labeled version of the Xience V stent. Cordis is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 20.

**COMPLAINT 21.** On June 12, 2007, Cordis filed a patent infringement suit against Abbott in the United States District Court for the District of New Jersey. (*See* Ex. B, the complaint in Civil Action No. 07-2728-JAP-TJB).[1] Cordis alleges in its June 12 complaint that Abbott's manufacture and/or use of the XIENCE V stent in the United States infringes the Wright '473 patent. (*Id*. at p. 4). Among other remedies, Cordis seeks a preliminary and permanent injunction prohibiting Abbott from making, using, selling, or offering for sale the XIENCE V stent in the United States. (*Id*.).

**ANSWER 21.** Cordis admits the allegations in Paragraph 21.

**COMPLAINT 22.** Cordis' patent infringement suit, as referenced in paragraph 21, has created a present substantial controversy between J&J and BSC concerning the PROMUS stent. J&J, through Cordis, has asserted rights under the Wright '473 patent against the same product as the PROMUS stent, and the alleged infringement of the patent has created an apprehension that Cordis will sue BSC for alleged infringement of the Wright '473 patent.

---

[1] The exhibits originally filed with Exhibits B-K herein have not been attached. Should the Court require a copy of these exhibits, Plaintiffs are available to do so.

**ANSWER 22.**  Cordis admits that the Xience V stent infringes the Wright '473

patent, and that it has asserted infringement of the Wright '473 patent against the Xience V

stent.  Cordis denies the remaining allegations in Paragraph 22.

**COMPLAINT 23.**  There are now four cases pending in the District of Delaware that
are related to the instant case, as set forth in the below paragraphs.

**ANSWER 23.**  Cordis denies the allegations in Paragraph 23.

**COMPLAINT 24.**  On September 29, 2006, Abbott filed a declaratory judgment
action against J&J, alleging that other Cordis-owned patents - U.S. Patent Nos. 6,585,764
(the "'764 patent"), 6,776,796, and 6,808,536 (the "'536 patent") - are invalid and not
infringed by Abbott's manufacture and/or use of the XIENCE V stent in the Unites States.
(*See* Ex. C, the complaint in Civil Action No. 06-613-SLR).

**ANSWER 24.**  Cordis admits that Abbott filed a declaratory judgment action

against Cordis in the United States District Court for the District of Delaware on September

29, 2006, that this action was assigned Civil Action No. 06-613-SLR ("the '613 action"), and

that Abbott claimed in that action that Cordis's U.S. Patent No. 6,585,764, U.S. Patent No.

6,808,536, and U.S. Patent No. 6,776,796 were invalid and not infringed by Abbott's

XIENCE V stent.  Cordis further admits that on May 15, 2007, Abbott sought leave to file a

supplemental complaint in the '613 action to add a declaratory judgment claim that Cordis's

U.S. Patent No. 7,217,286 was invalid and not infringed by its XIENCE V stent.  Cordis

further states that on November 28, 2007, the United States District Court for the District of

Delaware dismissed the Abbott '613 action for lack of subject matter jurisdiction, denied

Abbott's motion to amend its '613 action, and denied Abbott's motion to enjoin Cordis from

prosecuting its actions against Abbott in the District of New Jersey.  Cordis denies the

remaining allegations in Paragraph 24.

**COMPLAINT 25.**  On May 15, 2007, Abbott filed a declaratory judgment action
against Cordis in the United States District Court for the District of Delaware relating to U.S.
Patent No. 7,217,286 (the "Falotico '286 patent").  (*See* Ex. D, the complaint in Civil Action
No. 07-259-SLR).  Abbott alleges in its May 15 complaint that the Falotico '286 patent is

invalid and not infringed by Abbott's manufacture and/or use of the XIENCE V stent in the Unites States. (*Id.* at p. 17). Abbott's declaratory judgment action against the Falotico '286 patent, which is currently pending in this judicial district, is the first filed action concerning the Falotico '286 patent. Also on May 15, 2007, Abbott filed a motion for leave to file a supplemental complaint or in the alternative to consolidate related cases in Civil Action No. 06-613-SLR pending before the United States District Court for the District of Delaware. (*See* Ex. E, Abbott's motion for leave to file a supplemental complaint or consolidate related cases). Abbott's motion requests leave to file a supplemental complaint to add a claim for declaratory judgment of invalidity and noninfringement of the Falotico '286 patent. (*Id.* at p, 2).

**ANSWER 25.** Cordis admits that Abbott filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware on May 15, 2007, that this action was assigned Civil Action No. 07-259-SLR ("the '259 action" or "May 15 action"), and that Abbott claimed in that action that Cordis's U.S. Patent No. 7,217,286 was invalid and not infringed by its XIENCE V stent. Cordis further admits that on May 15, 2007, Abbott sought leave to file a supplemental complaint in the '613 action (the "September 29 action") to add a declaratory judgment claim that Cordis's U.S. Patent No. 7,217,286 was invalid and not infringed by its Xience stent. Cordis denies that the '259 action is currently pending in this judicial district and denies that the '259 action is the first filed action concerning the '286 patent. On May 15, 2007, prior to Abbott filing the '259 action in Delaware, Cordis Corp. filed a parallel patent infringement action against Abbott on the same patent in the United States District Court for the District of New Jersey. That case is captioned Cordis Corp. v. Abbott Laboratories, Civil Action No. 07-2265-JAP ("the '2265 action"). Cordis further states that on November 28, 2007, the United States District Court for the District of Delaware dismissed the Abbott September 29 action for lack of subject matter jurisdiction, denied Abbott's motion to amend its September 29 action, dismissed Abbott's May 15 action, and denied Abbott's motion to enjoin Cordis from prosecuting its

actions against Abbott in the District of New Jersey.  Cordis denies the remaining allegations in Paragraph 25.

**COMPLAINT 26.**  On May 25, 2007, BSC filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware relating to the Falotico '286 patent.  (*See* Ex, F, the complaint in Civil Action No. 07-333-SLR), BSC asserts in that May 25 complaint that the Falotico '286 patent is invalid and not infringed by BSC's above activities regarding the PROMUS stent. (*Id.* at p, 6).

**ANSWER 26.**  Cordis admits that BSC filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware on May 25, 2007, that this action was assigned Civil Action No. 07-333-SLR ("the '333 action"), and that BSC claimed in that action that Cordis's U.S. Patent No. 7,217,286 was invalid and not infringed by its XIENCE V stent.  Cordis denies the remaining allegations in Paragraph 26.

**COMPLAINT 27.**  On May 29,2007, Abbott filed a supplemental motion for leave to file a supplemental complaint or in the alternative to consolidate related cases in Civil Action No. 06613-SLR pending before the United States District Court for the District of Delaware.  (*See* Ex. G, Abbott's motion for leave to file a supplemental complaint or to consolidate related cases).  Also on May 29, 2007, Abbott filed a motion for leave to file a supplemental complaint in Civil Action No. 07-259-SLR pending before the United States District Court for the District of Delaware.  (*See* Ex. H, Abbott's supplemental motion for leave to file a supplemental complaint).  Abbott's motions request leave to file supplemental complaints to add claims for declaratory judgment of invalidity and noninfringement of U.S. Patent No. 7,223,286 (the "Wright '286 patent").  (Ex. G at p. 1; Ex. H at p. 1).

**ANSWER 27.**  Cordis admits that on May 29, 2007, Abbott sought leave to file a supplemental complaint in the '613 action to add a declaratory judgment claim that Cordis's U.S. Patent No. 7,223,286 was invalid and not infringed by its Xience V stent.  Cordis also admits that on May 29, 2007, Abbott sought leave to file a supplemental complaint in the '259 action to add a declaratory judgment claim that Cordis's U.S. Patent No. 7,223,286 was invalid and not infringed by its Xience V stent.  Cordis denies the remaining allegations in Paragraph 27.

**COMPLAINT 28.**  On June 1, 2007, BSC filed a declaratory judgment action against J&J in the United States District Court for the District of Delaware relating to the Wright

'286 patent.  (*See* Ex. I, the complaint in Civil Action No. 07-348-SLR).  BSC asserts in its June I complaint that the Wright '286 patent is invalid and not infringed by BSC's above activities regarding the PROMUS stent.  (*Id*. at p. 7).

**ANSWER 28.**  Cordis admits that BSC filed a declaratory judgment action against

Cordis in the United States District Court for the District of Delaware on June 1, 2007, that

this action was assigned Civil Action No. 07-348-SLR ("the '348 action"), and that BSC

claimed in that action that Cordis's U.S. Patent No. 7,223,286 was invalid and not infringed

by its XIENCE V stent.  Cordis denies the remaining allegations in Paragraph 28.

**COMPLAINT 29.**  On June 12, 2007, Abbott filed a second supplemental motion for leave to file a supplemental complaint or in the alternative to consolidate related cases in Civil Action No, 06613-SLR pending before the United States District Court for the District of Delaware.  (*See* Ex. J, Abbott's second supplemental motion for leave to file a supplemental complaint or to consolidate related cases).  Also on June 12, 2007, Abbott filed a supplemental motion for leave to file a supplemental complaint in Civil Action No. 07-259-SLR pending before the United States District Court for the District of Delaware.  (*See* Ex. K, Abbott's supplemental motion for leave to file a supplemental complaint).  Abbott's motions request leave to file supplemental complaints to add claims of invalidity and noninfringement of the Wright '473 patent.  (Ex. J at p. 1; Ex. K at p. 1).

**ANSWER 29.**  Cordis admits that on June 12, 2007, Abbott sought leave to file a

supplemental complaint in the '613 action to add a declaratory judgment claim that Cordis's

U.S. Patent No. 7,229,473 was invalid and not infringed by its Xience V stent.  Cordis also

admits that on June 12, 2007, Abbott sought leave to file a supplemental complaint in the

'259 action to add a declaratory judgment claim that Cordis's U.S. Patent No. 7,229,473 was

invalid and not infringed by its Xience V stent.  Cordis denies the remaining allegations in

Paragraph 29.

**COMPLAINT 30.**  The instant action by BSC against J&J is related to Abbott's September 29 action because the '764 and '536 patents are part of the same patent family as the Wright '473 patent, the prior art to each of those patents is related, and the products at issue in the September 29 action (Abbott's XIENCE V) and this action (BSC's PROMUS) are related.  Also, as discussed above, Abbott has also recently filed motions to amend its Complaint in the September 29 action to include the Falotico '286 patent, the Wright '286 patent, and the Wright '473 patent or, in the alternative, consolidate its September 29, May 15, May 29, and June 12 actions.

**ANSWER 30.**  Cordis states that on November 28, 2007, the United States District Court for the District of Delaware dismissed the Abbott September 29 action for lack of subject matter jurisdiction, denied Abbott's motion to amend its September 29 action, and denied Abbott's motion to enjoin Cordis from prosecuting its actions against Abbott in the District of New Jersey.  Cordis admits that the instant action is related to the actions brought by Cordis against Abbott and Boston Scientific in the District of New Jersey and the other actions brought by Boston Scientific against Cordis in the District of Delaware because they involve the same patent, patents in the same patent family and/or the same accused product. Cordis denies the remaining allegations in Paragraph 30.

**COMPLAINT 31.**  The instant action by BSC against J&J is related to Abbott's May 15 complaint and supplemental complaint and BSC's May 25 complaint on the Falotico '286 patent and Abbott's May 29 supplemental complaints and BSC's June 1 complaint on the Wright '286 patent because the patents all arose from the same family, the prior art to the those patents is related, and the products of the declaratory judgment plaintiffs, XIENCE V (Abbott) and PROMUS (BSC), are related.

**ANSWER 31.**

Cordis admits that the instant action is related to Boston Scientific's May 25 '333 action and June 1 '348 action, the actions brought by Cordis against Abbott and Boston Scientific in the District of New Jersey, and the other actions brought by Boston Scientific against Cordis in the District of Delaware because they involve the same patent, patents in the same patent family and/or the same accused product.  Cordis denies the remaining allegations in Paragraph 31.

**COMPLAINT 32.**  The instant Action by BSC against J&J is related to Abbott's June 12 supplemental complaints on the Wright '473 patent because the same patent is involved in all of the complaints, the prior art to the patent is the same, and the products of the declaratory judgment plaintiffs, XIENCE V (Abbott) and PROMUS (BSC), are related.

**ANSWER 32.**  Cordis admits that this action is related to the action between Cordis and Abbott pending in the District of New Jersey involving the '473 patent and the Xience stent since the actions involve the same patent and accused product.  That action is captioned Civil Action No. 07-2728-JAP-TJB.  Cordis denies the remaining allegations in paragraph 32.

**COMPLAINT 33.**  BSC repeats and realleges each and every allegation contained in paragraphs 1-32 of this Complaint as though fully set forth herein.

**ANSWER 33.**  Cordis incorporates and realleges its answers to Paragraphs 1-32 of the Complaint.

**COMPLAINT 34.**  Each of the claims in the Wright '473 patent is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**ANSWER.**  Cordis denies the allegations in Paragraph 34.

**COMPLAINT 35.**  The PROMUS stent does not infringe any valid claim of the Wright '473 patent.

**ANSWER 35.**  Cordis denies the allegations in Paragraph 35.

## COUNTERCLAIMS

For its counterclaims, Cordis alleges the following:

## THE PARTIES

1.      Counterclaim Plaintiff Cordis Corporation ("Cordis"), 33 Technology Drive, Warren, New Jersey, is a Florida corporation with a principal place of business in Warren, New Jersey.  Cordis also has facilities in Clark, New Jersey.  Cordis is a pioneer in developing invasive treatments for vascular disease, including the CYPHER® drug-eluting stent, a drug/device combination for the treatment of coronary artery disease.

2.      Upon information and belief, Counterclaim Defendant Boston Scientific Corporation, One Boston Scientific Place, Natick, Massachusetts 01760, is a

Delaware corporation with a principal place of business in Massachusetts.  Upon information and belief, Counterclaim Defendant Boston Scientific Scimed, Inc. is a corporation organized under the laws of Minnesota and has a principal place of business at One Scimed Place, Maple Grove, Minnesota 55311.  Upon information and belief, Boston Scientific Scimed, Inc. is a subsidiary of Boston Scientific Corporation.  Boston Scientific Corporation and Boston Scientific Scimed, Inc. will be collectively referred to herein as "BSC."

## JURISDICTION AND VENUE

3.      For purposes of Cordis's counterclaims, this Court has subject matter jurisdiction over Cordis's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a), 2201 and 2202.

4.      For purposes of Cordis Corp.'s counterclaims, venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL ALLEGATIONS

5.      Pursuant to an agreement between BSC and Abbott Laboratories ("Abbott"), BSC is presently selling the Promus drug-eluting coronary stent in Europe and other countries outside the United States.  The Promus stent is a private-labeled version of the Abbott Xience V drug-eluting stent which is manufactured for BSC by Abbott in the United States.

6.      The Promus stent received CE Mark approval in October 2006, which allows BSC to distribute the Promus stent in Europe.  Since that time, on information and belief, BSC has been taking title to the Promus stent from Abbott in the United States and exporting those stents to the European market.

7.      BSC has previously stated that it intends to begin selling its Promus stent in the United States in 2008.  On November 29, 2007, a committee of advisors to the

FDA voted to recommend approval of the Abbott Xience V stent, which is the same stent as the Promus stent. BSC has stated that it believes that FDA approval of the Promus stent is imminent, and that it intends to begin selling the Promus stent in the United States upon FDA approval.

8.    On May 29, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,229,473 entitled "Local Delivery of Rapamycin for Treatment of Proliferative Sequelae Associated With PTCA Procedures, Including Delivery Using a Modified Stent" (the "'473 patent"). The '3286 patent issued to Wright et al. Cordis is the owner of the '473 patent.

9.    Upon sale of the Promus stent in the United States, BSC will be infringing the '473 patent, including but not limited to selling the Promus stent in the United States for use by physicians in coronary angioplasty procedures.

10.    Upon the launch of the Promus stent in the United States, the Promus stent will compete directly with Cordis's CYPHER stent, reducing Cordis's market share and causing irreparable harm to Cordis.

11.    BSC's announced intention to sell the Promus stent upon FDA approval has created a present actual and substantial controversy between Cordis and BSC concerning the threatened infringement of the '473 patent.

<u>**COUNT I:  INFRINGEMENT OF THE '473 PATENT**</u>

12.    Cordis realleges paragraphs 1-11 above as if fully set forth herein.

13.    Upon offer for sale and sale of the Promus stent in the United States, BSC will be directly infringing, contributorily infringing, and/or inducing infringement of the '473 patent in violation of 35 U.S.C. § 271, by, including but not limited to, selling and

offering for sale the Promus stent in the United States for use by physicians in coronary angioplasty procedures.

14.      BSC has engaged in concrete steps taken with the intent to conduct infringing activity.  An actual and justiciable controversy exists between Cordis and BSC regarding infringement of the '473 patent.

15.      BSC had and has actual notice of the '473 patent.  Upon offer for sale and sale of the Promus stent in the United States, BSC will be infringing the '473 patent with knowledge of Cordis's patent rights.  BSC's actions are willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, Cordis prays that the Court enter judgment as follows:

1.      For a declaratory judgment in favor of Cordis that BSC is directly infringing, contributorily infringing, and/or inducing infringement of the '473 patent;

2.      For a declaratory judgment in favor of Cordis that the '473 patent is not invalid;

3.      For an injunction pursuant to 35 U.S.C. § 283 prohibiting BSC from making, using, selling, importing, or offering for sale the Promus stent in the United States;

4.      For a determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Cordis of its reasonable attorneys' fees; and

5.      For such other and further relief in law or in equity to which Cordis may be justly entitled.

ASHBY & GEDDES

/s/ *Steven J. Balick*

_____

Steven J. Balick (I.D. #2114)
John G Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Aveune, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Johnson & Johnson, Inc. and Cordis Corporation*

*Of Counsel:*

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Dated:  February 21, 2008
188455.1