IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and<br>BOSTON SCIENTIFIC SCIMED, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Civil Action No. 07-333-SLR<br>Civil Action No. 07-348-SLR |
| v. | )<br>) | Civil Action No. 07-409-SLR<br>Civil Action No. 07-765-SLR |
| JOHNSON & JOHNSON, INC. and<br>CORDIS CORPORATION, | )<br>)<br>) | |
| Defendants. | )<br>)<br>) | |

## STIPULATED PROTECTIVE ORDER

To facilitate production and receipt of information during discovery in the above-referenced actions, Plaintiffs and Counterclaim-Defendants Boston Scientific Corporation and Boston Scientific SciMed, Inc. (collectively "Plaintiffs") and Defendants and Counterclaim-Plaintiffs Johnson & Johnson, Inc. and Cordis Corporation (collectively "Defendants") have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secrets and other confidential research, development, financial, business, or commercial information that may be produced or otherwise disclosed by them during the course of these actions.

Upon consideration of the record and proceedings herein and the stipulation of the parties:

IT IS ORDERED THAT:

1. "Confidential Information" shall mean and include any documents (whether in hard copy or computer readable form); things; deposition testimony; responses to requests for production, interrogatories, or requests for admission; or other information provided

by any party in discovery in these actions ("Discovery Material"), which contain non-public, confidential or proprietary information, whether personal or business-related. Any party to these actions, or a third-party producing Discovery Material whether or not in response to a subpoena ("Designating Party") may designate its Confidential Information as CONFIDENTIAL. Certain limited types of Confidential Information, to the extent is produced, may be further designated, as defined and detailed below, as HIGHLY CONFIDENTIAL. The HIGHLY CONFIDENTIAL designation shall be reserved for Confidential Information relating to the following: products not yet commercially released, inventions in progress, pending patent applications, potential future acquisitions, current financial projections and analyses, forward-looking business plans, license and settlement agreements, and other competitively sensitive business or technical information the disclosure of which to Qualified Persons pursuant to paragraph 5(b) is likely to cause harm to the competitive position of the Designating Party. Confidential Information shall not include any Discovery Materials that:

    a.    Have been or become lawfully in the possession of the party receiving the same ("Receiving Party") through communications other than production or disclosure in these actions; or

    b.    Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party.

    2.    The designation of Discovery Material in the form of documents, responses to admissions and interrogatories or other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pretrial testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be made by conspicuously affixing the appropriate legend on the first page and on each page (or in the case of computer medium on the

medium and its label and/or cover) to which the designation applies. To the extent practical, the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation shall be placed near the Bates number. If a page has more than one designation, the more restrictive designation applies.

3. All designations of Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the Receiving Party, or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of a claim to such designation, and a party may so designate Discovery Material thereafter subject to the protections of this Protective Order.

4. The inadvertent production of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege, immunity or protection, including but not limited to the attorney-client privilege or work product immunity, provided the Designating Party promptly shall notify the Receiving Party in writing when the inadvertent production is discovered. The Receiving Party, upon receiving written notice of inadvertent production, promptly shall return to the Designating Party the information and all copies and summaries thereof and confirm the same in writing, or promptly shall confirm in writing that the information and all copies and summaries thereof have been permanently deleted or destroyed. Upon a reasonable request by the Receiving Party as to whether information was inadvertently produced, the Designating Party shall have seven (7) business days to respond. The Designating Party's response shall: (1) state whether the information was or was not inadvertently produced, (2) if applicable, designate the information as within the attorney-client privilege or work product immunity, and (3) state whether return of information is requested. Nothing herein shall prevent the Receiving Party from challenging the propriety of

the attorney-client privilege, work product immunity or other claimed protection. Notwithstanding the foregoing, unfounded claims of inadvertent production shall not interfere with appropriate discovery.

5. Subject to paragraph 7 and paragraph 8 of this Protective Order, "Qualified Persons" having access to Discovery Material designated CONFIDENTIAL in these actions are:

a. Outside counsel (attorneys employed by the firms of record as representing any party in these actions, and their contractors, employees and staff whose duties and responsibilities require access to such materials);

b. Officers, directors, or employees of the parties who are responsible for evaluating, directing and/or managing the prosecution or defense of these actions with counsel and are not regularly involved in (directly or by means of supervision) the prosecution of patent applications in the field of angioplasty catheters, stents and stent delivery systems ("the Field"), provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A;

c. For all parties, the in-house attorneys and legal personnel whose names are listed below and employees and staff under their supervision whose duties and responsibilities require access to such materials, based on the representation that they (i) have responsibility for maintaining, defending or evaluating this litigation, and (ii) are not regularly involved in (directly or by means of supervision) the prosecution of patent applications in the Field;

    i. For Plaintiffs, Peter J. Gafner (Vice President, Cardiovascular Litigation), and Luke R. Dohmen (Vice President and Corporate Chief Patent Counsel);

    ii. For Defendant Cordis, Theodore Van Itallie, Jr. (Associate General Counsel), and Eric I. Harris, (Associate General Counsel);

    iii. For Defendant Wyeth, Ryan Walsh (Patent Litigation Counsel) and Reem Jishi (Vice President and Deputy Chief Patent Counsel).

  d. Any person (and that person's counsel) who was an author or recipient of the Discovery Material in question, provided, however, that if such person is not a current employee of the Designating Party, he or she (and his or her counsel) shall be given a copy of this Order and, as a condition to disclosure, must sign Exhibit A;

  e. Independent consultants and expert witnesses retained by or for the parties and their counsel, including technical consultants and accounting or financial experts, and employees under their supervision whose duties and responsibilities require access to such materials;

  f. Vendors retained by or for the parties for preparing audiovisual aids, e.g., exhibits, models, graphics and video-tapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation;

  g. The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to these actions; and

      h.    Outside document copying services, and/or document coding or computerization services.

    6.    Any Discovery Material designated HIGHLY CONFIDENTIAL shall be treated the same as Discovery Material designated CONFIDENTIAL, except that there shall be no access by Qualified Persons pursuant to paragraphs 5(b) to Discovery Material designated HIGHLY CONFIDENTIAL.

    7.    Qualified Persons defined in paragraph 5(e) shall be allowed access to Confidential Information only after the Receiving Party has complied with the following procedure:

      a.    Before receiving any Confidential Information the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the secrecy agreement form attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this court in connection with any proceeding or hearing relating to the enforcement of this Protective Order;

      b.    Outside counsel for the Receiving Party shall furnish a copy of the curriculum vitae of the person to the Disclosing Party and maintain a copy of the executed secrecy agreement form; and

      c.    The Disclosing Party will have five (5) business days to object in writing to the disclosure of Confidential Information to the particular person. If objection to the disclosure is made within seven (7) business days, the objecting party shall, no later than five (5) business days after objection, petition the Court for an order prohibiting the disclosure at issue. The objecting party shall have the burden of persuasion that disclosure should not be made. If an

objection is made, no Confidential Information shall be made available to the particular person until after the Court rules that disclosure can be made, so long as the objection is followed by a timely petition.

        8.    Qualified Persons defined in paragraphs 5(c) shall be allowed access to CONFIDENTIAL or HIGHLY CONFIDENTIAL information only after being furnished with a copy of this Protective Order and acknowledging, by executing the secrecy agreement form attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it.

        a.    Jim Chiapetta of Boston Scientific and Thomas Szatkowski of Wyeth shall have access to Confidential Information, as set forth in paragraphs 8(a)(i) and (ii) below:

        i.    Mr. Chiapetta and Mr. Szatkowski shall have access to all court filings (including summary judgment motions, claim construction briefs, etc.), written discovery responses (i.e., interrogatory responses and admission request responses) and expert reports, except for those portions of the foregoing materials that contain Confidential Information concerning either pending patent applications or future stent products in development ("Excluded Confidential Information"), provided that, at the time of their service, the party submitting the court filing notifies BSC or Wyeth that any such materials contain Excluded Confidential Information and identifies (by, e.g., labeling on the paper) the Excluded Confidential Information contained in those materials. Absent such notice and identification to Boston Scientific or Wyeth, Mr. Chiapetta and Mr. Szatkowski shall have full and immediate access to all such court filings, written discovery responses and expert reports containing Confidential Information..

      ii. If BSC or Wyeth wishes to provide Mr. Chiapetta or Mr. Szatkowski with any other Confidential Information not contained in a court filing, written discovery response or expert report, BSC or Wyeth shall notify the party who produced the Confidential Information prior to providing such Confidential Information to Mr. Chiapetta or Mr. Szatkowski and the party who produced the Confidential Information shall have 7 (seven) business days to object to BSC's or Wyeth's request.  Any such objection shall be based on a good faith belief that the Confidential Information that BSC wishes to provide to Mr. Chiapetta or that Wyeth wishes to provide Mr. Szatkowski contains pending patent prosecution information, future products in development, or other information that would be prejudicial to the party who produced the Confidential Information if disclosed to Mr. Chiapetta or Mr. Szatkowski based on their responsibilities for patent prosecution.

   9. Confidential Information produced by Boston Scientific in any of the above-captioned civil actions ("Boston Scientific Confidential Information") can be used by Cordis and Abbott in the following actions pending in the District of New Jersey between Johnson & Johnson and Cordis on the one hand and Abbott Laboratories and Abbott Cardiovascular Systems on the other hand:  Civil Action No. 07-2265-JAP, Civil Action No. 07-2477-JAP, Civil Action No. 07-2728-JAP, and Civil Action No. 07-5636-JAP (collectively, "the New Jersey Actions").  However, in any of the New Jersey Actions, Boston Scientific Confidential Information shall be treated as OUTSIDE COUNSEL EYES ONLY – meaning that it shall only be shown to attorneys employed by the law firms of record as representing any party in those actions, and their contractors, employees and staff whose duties and responsibilities require access to such materials – and the use of such Boston Scientific Confidential Information shall be subject to the provisions of the protective order in the New Jersey Actions.  Nothing

herein shall either (a) prevent a party from challenging the admissibility of documents, testimony and things produced in any of the above-referenced actions or (b) be construed as a waiver of any objection a party has to the admissibility of any documents, testimony and things produced in any of the above-referenced actions.

10. Subject to paragraph 9, Confidential Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party and by Qualified Persons associated with the Receiving Party solely for the purpose of these actions and any appeals therefrom, and shall not be made available to, or disclosed to, or summarized by or for any person, including the parties, other than to Qualified Persons, and subject to the restrictions in paragraphs 6-8 of this Protective Order. Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

11. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information in order to ensure that the confidential nature of the same is maintained.

12. If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure.

13. When Confidential Information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraph 5 of this Protective Order to have access to such Confidential Information are present. If information

designated by the Receiving Party as HIGHLY CONFIDENTIAL is used in a deposition, the disclosing party shall ensure that only persons permitted by paragraph 6 of this Protective Order to have access to Discovery Material designated HIGHLY CONFIDENTIAL are present. The use of any Confidential Information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

        14.    Any deposition transcript containing Confidential Information shall be marked on the cover as CONFIDENTIAL or HIGHLY CONFIDENTIAL as appropriate, and shall indicate as appropriate within the transcript what information has been so designated. Whenever possible, the stenographic reporter shall be requested to separate those portions of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information and separately bind them from each other and from the non-confidential portions. However, a Designating Party may also designate any portion or all (if appropriate) of the transcript or exhibits as CONFIDENTIAL or HIGHLY CONFIDENTIAL with page and line references as to the affected testimony by so advising the deposition reporter (who shall accordingly indicate the designations in the transcripts or exhibits) and all parties in writing, within thirty (30) days after receipt of the transcript. Until thirty (30) days have passed after the receipt of any transcript, that entire transcript shall be deemed to be CONFIDENTIAL. In the event of disagreement about the confidential status of a deposition transcript, it shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL (the level of protection requested by the Designating Party) until this Court rules otherwise.

15. Any pleading, paper or other documents filed in these actions which contains or discloses Confidential Information shall be filed in conformity with Local Rule 5.3(c).

16. Entering into, agreeing to and/or producing or receiving Confidential Information or otherwise complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any party that any Discovery Material designated as Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

    b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, operate as an admission that any particular subject matter or type of information should be discoverable in this action, or operate as an admission that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

    c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

    d. Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Protective Order;

    e. Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information;

    f. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

    g. Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as Confidential Information by that party.

  17. The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to challenge or object to the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation shall not be deemed a waiver of its right to challenge or object to the designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL and may request permission to use or disclose information with the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the Designating Party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted. Such request shall specifically identify the Confidential Information, including Bates label, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure,

the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

18. All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of these actions, including all appeals, until further Order of the court, unless the parties agree otherwise in writing. For a period of one year after the conclusion of these actions, any Qualified Person who received CONFIDENTIAL or HIGHLY CONFIDENTIAL information pursuant to this Protective Order with the exception of Jim Chiapetta and Thomas Szatkowski shall not be regularly involved in (directly or by means of supervision) the prosecution of patent applications in the Field. Any and all originals and copies of Discovery Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall, at the request of the Designating Party, be returned to the party within ninety (90) days after a final judgment herein or settlement of these actions, or, at the option of the Designating Party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of any document filed or served in these actions, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include Confidential Information. In the event that outside counsel maintains such documents, it shall not disclose material maintaining any type of Confidential Information to another party or third party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the Designating Party, the other party or its outside

counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

19. Third parties who produce information in these actions may avail themselves of the provisions of this Protective Order and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

20. Nothing in this Order shall prevent or restrict counsel from rendering legal advice to the named parties and affiliated companies for purposes of evaluating, directing or managing the prosecution or defense of these actions and, in the course thereof, referring or relying generally on counsel's examination of Discovery Material, but without disclosing the specific content of any Discovery Material which disclosure shall be contrary to the terms of this Order.

21. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties it will be treated as though it has been "So Ordered."

22. This Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court and shall survive the termination of these actions. The Court shall have continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination of these actions.

23. This Order may be signed in counterparts.

Dated: August 25, 2008

| YOUNG, CONAWAY, STARGATT & TAYLOR, LLP | ASHBY & GEDDES |
|---|---|
| /s/ Karen E. Keller | /s/ Steven J. Balick |
| Josy W. Ingersoll (#1088) | Steven J. Balick (#2114) |
| Karen L. Pascale (#2903) | John G. Day (#2403) |
| Karen E. Keller (#4489) | Lauren E. Maguire (#4261) |
| Andrew A. Lundgren (#4429) | 500 Delaware Avenue, 8th Floor |
| 1000 West Street, 17th Floor | P.O. Box 1150 |
| P.O. Box 391 | Wilmington, DE 19899 |
| Wilmington, DE 19899 | (302) 654-1888 |
| (302) 571-6600 | sbalick@ashby-geddes.com |
| jingersoll@ycst.com | jday@ashby-geddes.com |
| kpascale@ycst.com | lmaguire@ashby-geddes.com |
| kkeller@ycst.com | |
| alundgren@ycst.com | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | *Of Counsel:* |
| | David T. Pritikin |
| *Of Counsel:* | William H. Baumgartner, Jr. |
| Richard L. DeLucia | Russell E. Cass |
| Paul M. Richter, Jr. | Sidley Austin LLP |
| Jeffrey S. Ginsberg | One South Dearborn |
| Michael K. Levy | Chicago, IL 60603 |
| Kenyon & Kenyon LLP | (312) 853-7000 |
| One Broadway | |
| New York, NY 10004 | |
| (212) 425-7200 | |

SO ORDERED this _____ day of _____, 2008

_____
United States District Court Judge

# EXHIBIT A

## SECRECY AGREEMENT

I have read the Stipulated Protective Order entered in the matter of *Boston Scientific et al. v. Cordis et al.*, Civil Action Nos. 07-333, 07-348, 07-408, and 07-765, United States District Court, District of Delaware.

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any designated Confidential Information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any designated Confidential Information are to be returned to counsel who provided me with such material. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of these actions, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order. I agree to submit to the jurisdiction of the Court for purposes of enforcement of the Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____, 2008.

_____
Signature

_____
Name (printed)