IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | **REDACTED PUBLIC VERSION** |
|---|---|---|
| Plaintiffs/Counter-Defendants, | ) ) ) | Civil Action No. 07-333-SLR Civil Action No. 07-348-SLR |
| v. | ) ) | Civil Action No. 07-409-SLR |
| JOHNSON & JOHNSON, INC. and CORDIS CORPORATION | ) ) ) ) | |
| Defendants/ Counter-Plaintiffs. | ) | |

| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
|---|---|---|
| Plaintiffs/Counter-Defendants, | ) ) | Civil Action No. 07-765-SLR |
| v. | ) ) | |
| JOHNSON & JOHNSON, INC., CORDIS CORPORATION, and WYETH | ) ) ) ) | |
| Defendants/ Counter-Plaintiffs. | ) | |

**OPENING BRIEF IN SUPPORT OF THE MOTION OF DEFENDANTS/COUNTER-PLAINTIFFS JOHNSON & JOHNSON AND CORDIS CORPORATION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF CLAIM 9 OF THE '3286 PATENT**

Steven J. Balick (I.D. #2114)
John G Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
Bindu Donovan
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
dpritikin@sidley.com
wbaumgar@sidley.com
rcass@sidley.com
bdonovan@sidley.com

Dated: September 16, 2009

# TABLE OF CONTENTS

**Page**

Nature and State of the Proceedings. ...........................................................................................1

Summary of the Argument..............................................................................................................1

Statement of Facts............................................................................................................................1

Summary of Applicable Law. .........................................................................................................3

Argument..........................................................................................................................................4

I     The Promus Stent Literally Infringes Claim 9 of the '3286 Patent.................................4

       A.     "A Stent Having a Coating Applied Thereto"...................................................5

            1. Stent"......................................................................................................5

            2. "Coating"................................................................................................5

            3. "Applied Thereto"..................................................................................5

       B.     "Wherein Said Coating Comprises a Biocompatible Polymer/Drug Mixture"..........................................................................................................5

            1. "Polymer/Drug Mixture" ......................................................................6

            2. "Biocompatible".....................................................................................7

       C.     "And Said Drug Is Rapamycin or a Macrocylic Lactone Analog Thereof" ................................................................................................................7

       D.     Claim 9: "A Stent According to Claim 1 Wherein the Coating Comprises a Nonabsorbable Polymer" ......................................................8

Conclusion........................................................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..................................................................................................3

*Baxter Healthcare Corp. v. Spectramed, Inc.*,
   49 F.3d 1575 (Fed. Cir. 1995).....................................................................................3

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*,
   563 F.3d 1358 (Fed. Cir. 2009)...................................................................................4

## NATURE AND STAGE OF THE PROCEEDINGS

Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "BSC") brought these declaratory judgment patent infringement cases. Johnson & Johnson and Cordis Corporation (collectively, "Cordis") counterclaimed for infringement of three of the patents-in-suit (including U.S. Patent No. 7,233,286) by BSC's Promus Everolimus-Eluting Coronary Stent System (the "Promus stent"). Johnson & Johnson, Cordis Corporation and Wyeth counterclaimed for infringement of a fourth patent-in-suit.[1] The Court has scheduled a claim construction and summary judgment hearing on October 30, 2009, a pretrial conference on January 14, 2010, and a trial beginning February 4, 2010.

## SUMMARY OF THE ARGUMENT

The Court should enter partial summary judgment that the Promus stent literally infringes Claim 9 of U.S. Patent No. 7,223,286 (the "'3286 patent"). No reasonable jury could find for BSC on this infringement issue.

## STATEMENT OF FACTS

Claim 9 of the '3286 patent depends from Claim 1. The two claims read as follows:

> 1.    A stent having a coating applied thereto:
> wherein said coating comprises a biocompatible polymer/drug mixture and said drug is rapamycin or a macrocyclic lactone analog thereof.
>
> 9.    A stent according to claim 1 wherein the coating comprises a nonabsorbable polymer.

(Ex. 1, U.S. Patent No. 7,223,286 (A1-A19) at A18.[2])

---

[1] The four patents at issue in this case are: U.S. Patent No. 7,223,286, U.S. Patent No. 7,217,286, U.S. Patent No. 7,229,473, and U.S. Patent No. 7,300,662 (the "'662 patent"). Wyeth is a party in the case involving the '662 patent.

[2] All exhibits are contained in the *Appendix to the Opening Brief in Support of the Motion of Defendants/Counter-Plaintiffs Johnson & Johnson and Cordis Corporation for Partial*

The Promus stent is a private-label version of the Xience V drug-eluting stent sold by Abbott Laboratories ("Abbott"). (*See* Ex. 16, *News Release, Boston Scientific, Boston Scientific Announces FDA Approval for PROMUS Everolimus-Eluting Coronary Stent System* (Jul. 2, 2008) (A377-A379) at A77-78.) Abbott manufactures the Promus stent for BSC. (*Id*.) BSC has been selling the Promus stent in the United States since receiving FDA approval in July 2008. (*Id*.)

The Promus stent consists of a metal MULTI-LINK VISION metallic coronary stent with an added coating.[3] (*See* Ex. 3, *Promus Instructions for Use* (A26-A85) at A28.) The coating consists of two layers: an initial primer layer of poly n-butyl methacrylate ("PBMA") polymer, and a second layer made from a mixture of PVDF-HFP polymer and the drug everolimus. (*Id*. at A29.)



---

*Summary Judgment of Infringement of Claim 9 of the '3286 Patent*.
[3] The names "Promus" and "Xience" are used interchangeably throughout this brief. Because the Promus stent was designed and manufactured by Abbott, and is sold by Abbott under the Xience name, many of the documents in this case (such as Abbott's regulatory filings) refer to the name Xience. Likewise, a number of Abbott employees have been deposed in this case and those witnesses commonly used the name Xience, rather than Promus.

Everolimus is made from another drug, called sirolimus. To produce everolimus, the sirolimus molecule is modified in a single location, as shown below. (*See* Attachment A, *Declaration of Antonios G. Mikos In Support of the Motion of Defendants/Counter-Plaintiffs Johnson & Johnson and Cordis Corporation for Partial Summary Judgment of Infringement of Claim 9 of the '3286 Patent* ("Mikos Decl.") at ¶ 7.)



## SUMMARY OF APPLICABLE LAW

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To resist summary judgment, BSC must present "sufficient evidence favoring" it "for a jury to return a verdict" for BSC. If the "evidence is merely colorable" or "is not significantly probative," summary judgment may be granted for the movants. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

A claim is literally infringed if "each limitation in the asserted claim" is "found present in the accused device." *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1582 (Fed. Cir. 1995). If there "is no factual dispute" that the accused product satisfies "all of the elements" an asserted claim, then "summary judgment of infringement" may be entered. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1370 (Fed. Cir. 2009).

## ARGUMENT

### I. The Promus Stent Literally Infringes Claim 9 of the '3286 Patent.

The Promus stent literally satisfies all of the limitations of Claim 9 and Claim 1 (from which Claim 9 depends). There simply is no material issue of disputed fact. As indicated above, these two claims read as follows.

> 1. A stent having a coating applied thereto:
> wherein said coating comprises a biocompatible polymer/drug mixture and said drug is rapamycin or a macrocyclic lactone analog thereof.
>
> 9. A stent according to claim 1 wherein the coating comprises a nonabsorbable polymer.

(Ex. 1 at A18.) Each limitation in these claims is discussed separately below.

### A. "A Stent Having a Coating Applied Thereto"

#### 1. "Stent"

The Promus stent is, obviously, a stent. Specifically, it is a tube-shaped mesh device used to treat certain forms of cardiac disease.

**REDACTED** (Ex. 3 at A31.) Promus is used to provide support for a lumen in the body. (Ex. 3 at A31.)

#### 2. "Coating"

The Promus stent contains a two-layer coating. The first layer is a primer layer made from PBMA polymer. The second layer is a mixture of PVDF-HFP polymer and everolimus.

**REDACTED**

#### 3. "Applied Thereto"

**REDACTED**

### B. "Wherein Said Coating Comprises a Biocompatible Polymer/Drug Mixture"

{00332567;v1}    5

1. **"Polymer/Drug Mixture"**

The coating on the Promus stent includes a layer made from PVDF-HFP polymer and the drug everolimus. **REDACTED**

) It contains repeating units of two types of monomers – vinylidene fluoride (VDF) and hexafluoropropylene (HFP).
**REDACTED**

The PVDF-HFP polymer is intermixed with the drug everolimus, and the combination therefore constitutes a polymer/drug mixture. As one of the developers of the Promus stent explained in a published article, "the drug reservoir layer is composed of poly(vinylidene fluoride-co-hexafluoropropylene) (PVDF-HFP) combined with everolimus." (Ex. 13, Ding, Ni (Nadine), Xience V Stent Design and Rationale, *J of Interventional Cardiol* 2009; 22:S18-S27 (A348-A357) at A349.)   **REDACTED**

The PVDF-HFP/everolimus layer on the Promus stent is therefore a "polymer/drug mixture."

2.  **"Biocompatible"**

The polymer/drug mixture is biocompatible. Otherwise, the Promus stent would not have been approved by the FDA.

**REDACTED**

The PVDF-HFP/everolimus layer on the Promus stent performs its function in the body (coating the stent and releasing the drug in a controlled manner over an extended period of time) with an acceptable biological response. (Mikos Decl. at ¶ 14.)

C.  **"And Said Drug Is Rapamycin or a Macrocylic Lactone Analog Thereof"**

Everolimus is a macrocyclic lactone analog of rapamycin. Both sides agree that the term "rapamycin" in the '3286 patent means sirolimus. The word "macrocyclic" refers to an organic chemical "containing a ring structure of large size consisting usually of 15 or more atoms." (Ex. 9, *Webster's Third New International Dictionary* (3d ed. 1993) (A336-A338) at A338.) Everolimus has a macrocyclic ring consisting of substantially more than 15 atoms.

(Mikos Decl. at ¶ 17.) A "lactone" is "any of a class of inner esters of hydroxy carboxylic acids formed typically by the loss of a molecule of water from the hydroxyl and carboxyl groups of the acids, characterized by the carbonyl-oxy grouping – OCO – in a ring, and classed according to the position of the hydroxyl group in the parent acid." (Ex. 10, *Webster's Third New International Dictionary* (3d ed. 1993) (A339-A341) at A341.) Everolimus contains a lactone in its macrocyclic ring. (*Id.*)

Everolimus is a sirolimus analog, and thus a rapamycin analog. Everolimus is structurally similar to sirolimus and contains the identical macrocyclic lactone ring structure. (*Id.* at ¶ 18.) Everolimus also performs similar functions to sirolimus. In particular, everolimus inhibits the inflammatory response known to occur after arterial injury and stent implantation, as well as the smooth muscle cell hyperproliferative response. (Mikos Decl. at ¶¶ 19-23.) Consequently, everolimus has a similar mechanism of action to sirolimus which enables it (like sirolimus) to prevent reclogging of arteries after a stenting procedure.

**REDACTED**

**REDACTED**

D. **Claim 9: "A Stent According to Claim 1 Wherein the Coating Comprises a Nonabsorbable Polymer"**

A nonabsorbable polymer is one that remains on the stent. This contrasts with a bioabsorbable polymer, which is eventually absorbed by the body. Both polymers used in the Promus stent (PVDF-HFP and PBMA) are nonerodable. (Mikos Decl. at ¶ 25.)

**REDACTED**

BSC has prepared "Instructions for Use" for the Promus stent. These instructions describe both PBMA and PVDF-HFP as non-erodible polymers. (Ex. 3 at A29-A30.)

**CONCLUSION**

Every limitation in Claim 9 and Claim 1 (from which Claim 9 depends) is literally present in the Promus stent. No reasonable juror could find for BSC on this infringement issue. The Court should therefore enter partial summary judgment that the Promus stent literally infringes Claim 9.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Of Counsel:*

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
Bindu Donovan
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
dpritikin@sidley.com
wbaumgar@sidley.com
rcass@sidley.com
bdonovan@sidley.com

Dated: September 16, 2009